IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA, NORTHERN DIVISION

ARZELL WILKERSON, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION NO. 2:05cv1192-W
) State Court File No.: CV-04-2865-
CAPITAL ONE, ) TMH
)
    Defendant. )

## NOTICE OF REMOVAL

COMES NOW the Defendant identified in the Amended Complaint as Capital One Services/Capital One, F.S.B. and with the consent of the original Defendant Capital One Bank, improperly identified in the Complaint as "Capittal One" (collectively "Capital One"), files this Notice of Removal of this case from the Circuit Court of Montgomery County, Alabama wherein it is now pending to United States District Court for the Middle District of Alabama, Northern Division. As grounds for the removal of this action, Capital One states as follows:

1. This action was commenced against the original Defendant identified as Capital One in the Circuit Court of Montgomery County, Alabama, on October 27, 2004, bearing Civil Action Number CV-04-2865.

2. That Defendant was served with the Summons and Complaint on May 10, 2005. The original Complaint named only Capital One Bank as a Defendant. On or about July 20, 2005, Plaintiffs filed a Motion to Amend the Complaint. The

{B0554457}

Motion to Amend sought to add a new party, Capital One, F.S.B., as a party. The trial court granted Plaintiff's motion for leave to amend the Complaint on November 16, 2005.

3. The Amended Complaint also purports to state a claim against the new party, Capital One, F.S.B., for failure to comply with the Fair Credit Reporting Act, particularly Section 1681-2(b). (A true and correct copy of all pleadings and orders served in this action are attached as Exhibit 1).

4. The removal of this case is timely as this notice was filed within 30 days after the trial court granted Plaintiff's Motion to Amend which added a new party and purports to state against that party a federal question. Additionally, removal based on diversity is proper because the Amended Complaint alleging removable claims was filed against this removing defendant within one (1) year of the date of this removal.

## JURISDICTION

A. <u>Federal Question Jurisdiction</u>

5. This is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. §1331 (Federal Question).

6. The Plaintiff alleges that Defendant Capital One, F.S.B., violated the Fair Credit Reporting Act by, among other things, failing to conduct an adequate investigation in regard to disputed credit information and by continuing to report

allegedly inaccurate information regarding Plaintiff to credit reporting agencies. (Complaint, ¶ 3 (a) through (c)).

7. Because Plaintiff's Amended Complaint purports to allege violations of the Fair Credit Reporting Act, 15 U.S.C. §3601 *et seq.* ("FCRA") this Court possesses federal question jurisdiction over the matter pursuant to 28 U.S.C. §1331.

8. The Eleventh Circuit has held the Fair Credit Reporting Act cases brought in state court may be removed from the court. See <u>Lockhart vs. Equifax, Inc.</u>, 163 F.3d 1259 (11th Cir. 1998).

9. The Amended Complaint specifically attempts to assert claims under the FCRA against Capital One, FSB. As such, Plaintiff has attempted to state claims which arise under the laws of the United States and this Court possesses jurisdiction of this action pursuant to 28 U.S.C. §1331. The Court also possesses supplemental jurisdiction over any and all state law allegations of the Complaint.

B. <u>Diversity Jurisdiction</u>

10. Based on the allegations of the Complaint, the named Plaintiff is now and was at the time of filing of the Complaint and during all times intervening a resident of the State of Alabama.

11. Capital One is, and was at the time of the institution of this action, a Delaware corporation with its principal place of business in Virginia. Capital One

Services, Inc., is, and was at the time of the Amended Complaint, a Delaware corporation with its principal place of business in Virginia. Capital One, F.S.B. is, and was at the time of the Amended Complaint, a federal savings bank incorporated in the United States, with its principal place of business in Virginia. At all relevant times, the Defendants had their principal places of business in a state other than Alabama.

12.  Thus, because Plaintiff is, and was at the time this action was commenced, a citizen of the State of Alabama, and the Bank was and is a citizen of a state other than Alabama, complete diversity of citizenship exists among the parties as required by 28 U.S.C. § 1332(a) & (c).

(ii) Amount in Controversy

13.  Plaintiff has put in controversy an amount in excess of this Court's jurisdiction minimum. Via his Complaint, Plaintiff claims the following damages:

- Compensatory damages
- Punitive damages;
- Attorney's fees;
- Litigation expenses and costs

(Complaint ¶¶ 35 (a)-(c)).

14.  In his Complaint, Plaintiff does not claim a sum certain, nor does he specifically limit the amount claimed to less than the jurisdictional minimum of this Court. As a result, Defendants must prove only by a "preponderance of the

evidence" that the requisite amount is controversy is present. <u>Burns v. Windsor</u>, 31 F.3d 1092 (11th Cir. 1994). *See also* <u>Kirkland v. Midland Mortgage Company</u>, 243 F.3d 1277, 1281 (11th Cir. 2001)(holding that when a plaintiff does not plead a "specific amount of damages," a defendant must only demonstrate by a "preponderance of the evidence" that the requisite amount in controversy is present.

15. No serious argument can be advanced that Plaintiffs have not, by a preponderance of the evidence, attempted to put at issue an amount in excess of the Court's jurisdictional threshold. Plaintiffs claim, among other things, punitive damages. It is the unfortunate reality of state court litigation that excessive punitive damages are awarded even in transactions which involve even small or nominal sums. It is undisputed that even after the United States Supreme Court's decision in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996), plaintiffs in Alabama continue to routinely recover punitive damages awards in excess of $75,000.00, even though their compensatory damages and/or actual economic losses are nominal or minimal.

16. Importantly, nowhere in the Complaint does Plaintiff limit any potential recovery to an amount less that $75,000.00.

17. By a preponderance of the evidence, Plaintiff has put at issue an amount in excess of the Court's jurisdictional minimum. Plaintiff seeks not only

common law compensatory and punitive damages, but damages for attorneys fees as well. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000) (holding that "when a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."). Thus, because complete diversity of citizenship exists amongst the parties, and the amount in controversy appears, by a preponderance of the evidence, to exceed $75,000.00, jurisdiction is conferred on this Court by 28 U.S.C. § 1332.

## CONCLUSION

18. A true and correct copy of this Notice of Removal has been filed with the Circuit Court of Montgomery County, Alabama.

19. Defendants respectfully request the opportunity to brief and argue before the Court any issue concerning the removal of this case in the event that remand is sought by Plaintiff otherwise visited by the Court.

20. All Defendants consent to enjoin in this removal as evidenced by the signature of counsel below, and the additional consent of the original defendant filed contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendant, Capital One Services/Capital One, F.S.B., and the original defendant, Capital One Bank, respectfully requests that the above-referenced case now pending in the Circuit

Court of Montgomery County, Alabama be removed to the United States Court for the Middle District of Alabama, Northern Division.

                                  Respectfully submitted,

_____
Rik S. Tozzi (TOZ001)
Attorneys for all Defendants (Defendant Erroneously identified in the original Complaint as Capital One and the Defendant identified in the Amended Complaint as Capital One Services, Inc. and Capital One, FSB)

OF COUNSEL:

STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama, 35259-8512
(205) 868-6000

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing pleading to be mailed to counsel for all parties to this action on this the 14th day of December, 2005.

_____
OF COUNSEL

cc:
Norman Hurst, Jr.
Attorney at Law
462-A Sayre Street
Montgomery, Alabama 36104
(334) 269-6449

{B0554457}

8