IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| ARZELL WILKERSON<br>Plaintiff, | *<br>*<br>* |
| v. | * Case No.: CV-04-2865-TMH<br>* |
| CAPITTAL ONE<br>Defendant. | *<br>*<br>* |

### RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiff, Arzell Wilkerson, by and through her undersigned attorney and files a response to files this brief in opposition of the defendant Motion to Dismiss heretofore filed in this matter.

1. In a Rule 12(b)(6) motion to dismiss, dismissal is appropriate if the allegations in the complaint, even if taken as true, would not support a claim that would entitle the plaintiff to relief. In ruling on a 12(b)(6) motion, " a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove not set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss for failure to state a claim contemplates only a determination of whether plaintiff's complaint states a claim upon which relief can be granted and matters outside the pleadings should never be considered in deciding whether to grant a Rule 12(b)(6) motion to dismiss. If a court considers matters outside the pleading, the Rule 12(b)(6) motion is treated as a Rule 56 motion for summary judgment. The parties must be given notice that the Rule 12(b)(6) motion will be disposed of in that manner, and, that they will be given a reasonable opportunity to advocate on the motion on that basis. *Buck v. FDIC*, 75 F.3d 1285 n.3 (8th Cir. 1998).

2. The Defendant's in this matter assert in general that Capital One, that is Capital One Services,

Inc., is not a proper party to this action and that the complaint was not served within a 120 days of filing the complaint. To these allegations the Plaintiff respond. Capital One, that is Capital One Services Inc., has previously held itself out as the appropriate party defendant, and attempted to negotiate a settlement prior to filing an answer in this matter. (See Exhibit A). With regards to the delay of services in this matter, the record will reflect that an affidavit of hardship was filed in the to waive court cost which was denied prior to service.

WHEREFORE, premises, considered the Plaintiff asks that an Order be issued denying the Defendant's Motion to Dismiss.

Respectfully submitted this the 20th day of July, 2004.

_____
Norman Hurst Jr. (HUR016)
Attorney for the Plaintiff
462-A Sayre Street
Montgomery, Alabama 36104
(334) 269-6449

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Response to a Motion was served on the following by mailing copies of same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery, addressed as follows:

Starnes & Atchison LLP
Honorable Rik S. Tozzi
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama 35259

This 20th day of July, 2005

_____
Norman Hurst Jr.