IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| ARZELL WILKERSON | * | |
| Plaintiff, | * | |
| | * | |
| v. | * Case No.: CV-04-2865-TMH | |
| | * | |
| CAPITTAL ONE | * | |
| Defendant. | * | |
| | * | |

## MOTION TO AMEND COMPLAINT

COMES NOW, the Plaintiff, Arzell Wilkerson, by and through her undersigned counsel and in accordance with the Ala. R. Civ. P., and files this motion to amend her complaint as follows:

### PARTIES

1. Capital One, F.S.B., and fictitious parties X,Y, Z is qualified to do business in Alabama and doing business in Montgomery County, Alabama.

### COUNT TWO
### FAILURE TO COMPLY WITH § 1681-2(b)
### OF THE FAIR CREDIT REPORTING ACT

1. Plaintiff realleges the relevant foregoing paragraphs of this Complaint as if fully set out herein.

2. This is a count against "Capital One Services, Inc." (Capital One, F.S.B.) For failure to comply with the FCRA and 15 U.S.C. § 1681s-2(b).

3. After receiving notice of the dispute from Plaintiff and CRA, Capital One, F.S.B.:

(a) Failed to conduct an adequate investigation with regard to the disputed information;

(b) Failed to review all relevant information provided by the consumer and provided by consumer reporting agencies;

(c) Failed to promptly investigate and report the results of the investigation of the consumer to consumer reporting agencies continued to report the same misleading and inaccurate information complained of above and otherwise violated the FCRA.

WHEREFORE, Plaintiff demands judgement against Capital One, F.S.B. for attorneys' fees and costs, actual and punitive damages.

## COUNT TWO
## NEGLIGENCE

4. This is a count against Capital One, F.S.B. for negligence and wantonness.

5. Plaintiff realleges the relevant forgoing paragraphs in support of this count.

6. At all times relevant herein defendant, Capital One, F.S.B. took applications for, approved, maintained and serviced credit card accounts.

7. During this operation in its ordinary course of business Capital One, F.S.B. takes telephone and internet applications for credit card accounts.

8. At the time of the transactions in question herein Capital One, F.S.B. allowed an imposter to open numerous credit card accounts using the personal identifiers of the plaintiff.

9. As stated Capital One, F.S.B. was on notice that identity theft is a nationwide problem.

10. Capital One, F.S.B. through its agents and employees prepared the credit card applications and opened the accounts at issue in this matter.

11. Capital One, F.S.B. negligently or wantonly hired and/or supervised its agents regarding the prevention of identity theft and credit card fraud by either:
    (i) Knowing or should have known of the unfitness of the agents who are described above and yet employed them or continued to employ them or used their services without proper instruction with a disregard of the rights of the Plaintiffs;

    (ii) Authorized the wrongful conduct of said agents set forth hereby; or

    (iii) Ratified the wrongful conduct of the agents as set forth herein; and said wrongful acts of agents were calculated to and did benefit the defendant.

8. Capital One, F.S.B. failed to employ reasonable procedures to properly supervise its employees and/or agents in order to prevent the theft of Plaintiffs identity, which was a foreseeable consequence and a direct result of such failure.

12. Capital One, F.S.B. through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

13. Capital One, F.S.B. failed to invoke necessary functions, procedures or programs designed to insure that the personal identifiers of persons such as the Plaintiff would not be used in fraudulent transactions and did not employ commercially reasonable means to verify that the person opening the credit card accounts at issue was not an imposter.

14. In addition to actual or compensatory damages for its negligent conduct, Capital One, F.S.B. is liable unto Plaintiffs in a sum to be assessed by the trier of fact for punitive/exemplary

damages because of the reckless nature of their conduct.

WHEREFORE, Plaintiff prays for actual damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT THREE
## STATE LAW AND FCRA VIOLATIONS OF
## BIG CREDIT REPORTING AGENCY

15. Plaintiff realleges the relevant foregoing paragraphs of this Complaint as if fully set out herein.

16. This is a count against Defendant CRA for violations of the FCRA and state law.

17. CRA issued, assembled, transferred and published "consumer reports," regarding Plaintiff, as defined in the FCRA.

18. Defendant CRA has continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated in violation of 15 U.S.C. § 1681e(b).

19. Defendant CRA failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous and otherwise violated the FCRA.

20. CRA through its actions, and inactions, as described herein, caused injury to Plaintiff and his reputation.

21. CRA failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

22. CRA created, maintained and utilize a credit reporting system which is defective and does not comply with FCRA or other laws governing its actions.

23. CRA has improperly posted accounts and other data to Plaintiff's credit files.

24. CRA has maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

25. In addition to actual or compensatory damages for its negligent conduct, CRA is liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violations of the provisions of the FCRA or other applicable federal and/or state laws.

WHEREFORE, Plaintiff prays for actual damages, statutory damages, costs and attorney fees,

punitive damages, and for such other relief as the court deems proper.

## COUNT FOUR
## DEFAMATION

26. The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

27. Between at least January 2003 through the present, defendants published to various persons, credit reporting agencies, collection agencies, creditors and attorneys the fact that Plaintiff was delinquent in paying the disputed accounts.

28. Defendants published this information both orally and in writing.

29. Defendants had no factual basis for making the statements. Defendants knew this because Plaintiff notified them that the accounts were not his.

30. Plaintiff continued to notify defendants by letter that the charges and accounts were not his and not authorized by him.

31. The written publications by defendants constitute liable per se. The verbal publications constitute slander per se.

32. Despite plaintiff's notice, Capital One, F.S.B. acted with malice in attempting to coerce plaintiff into paying for charges that were not his by reporting the accounts to credit reporting agencies. Moreover, Capital One, F.S.B. acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when they advised credit reporting agencies, credit grantors, and collection agencies than the disputed accounts were those of the Plaintiff.

33. Despite plaintiff's notice, defendants CRA continue to report the false information about Plaintiff as stated above.

34. Defendants' acts constitute express or actual malice.

35. As a direct and proximate result of defendants' defamation, plaintiff has suffered loss of reputation, loss of the ability to obtain credit, mental anguish, and suffering, and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful, wanton, and to the total disregard of Plaintiff's right.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants.

Respectfully submitted on this the _____ day of _____ 2005.

*[signature]*
Norman Hurst Jr. (HUR016)
Attorney for the Plaintiff
462-A Sayre Street
Montgomery, Alabama 36104
(334) 269-6449

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Response to a Motion was served on the following by mailing copies of same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery, addressed as follows:

Starnes & Atchison LLP
Honorable Rik S. Tozzi
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama 35259

This ____ day of July, 2005

*[signature]*
Norman Hurst Jr.