# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **ARZELL WILKERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:05 CV 1192-W** |
| **CAPITAL ONE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO AMENDED COMPLAINT

COMES NOW the Defendant identified as Capital One Services, Inc./Capital One, F.S.B. ("Capital One" or "the Bank") and for its answer to Plaintiff's Amended Complaint, and each paragraph in it, separately and severally, states as follows:

## DEFENSES

## FIRST AFFIRMATIVE DEFENSE

That all the claims and causes of action asserted in Plaintiff's Amended Complaint may be subject to arbitration; and, therefore, these proceedings should be dismissed or stayed, with an Order entered requiring that all of Plaintiff's claims and causes of action be resolved by way of binding arbitration.

## SECOND AFFIRMATIVE DEFENSE

That the Amended Complaint fails to state a claim or cause of action against the Bank upon which relief may be granted.

{B0554486}

## THIRD AFFIRMATIVE DEFENSE

That the Bank pleads the general issue.

## FOURTH AFFIRMATIVE DEFENSE

That the Bank pleads privilege and qualified privilege.

## FIFTH AFFIRMATIVE DEFENSE

That the Bank pleads justification and qualified justification.

## SIXTH AFFIRMATIVE DEFENSE

That Plaintiff lacks standing to assert any claim or causes of action against the Bank.

## SEVENTH AFFIRMATIVE DEFENSE

That Plaintiff has failed to comply with all applicable conditions precedent.

## EIGHTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred, in whole or in part, by the doctrine of contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred, in whole or in part, by the doctrine of unjust enrichment.

## TWELFTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred, in whole or in part, by the doctrine of consent and acquiescence.

## FOURTEENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred, in whole or in part, by the statute of frauds and/or Parol Evidence Rule.

## SIXTEENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred or preempted, in whole or in part, by applicable federal law including, but not limited to, the Fair Credit Reporting Act, 15 U.S.C. § 3601 *et seq.*

## EIGHTEENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred by the voluntary payment doctrine.

## NINETEENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred, in whole or in part, by the doctrine of ratification.

## TWENTIETH AFFIRMATIVE DEFENSE

That Plaintiff has failed to mitigate any actual damages that he may have incurred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

That Plaintiff has not alleged or sustained any actual damages which were caused by The Bank, or for which The Bank is liable.  Plaintiff has not incurred or suffered any actual damages including, but not limited to, mental anguish, compensatory, statutory and/or punitive damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

That, in the alternative, any actual damages that Plaintiff may have incurred are the result of acts or omissions of individuals or entities other than the Bank, and for which the Bank is not legally responsible.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

That at all times, the Bank acted in good faith and without malice or intent to injure Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

That the Bank has not willfully or maliciously published any false information with respect to Plaintiff's credit file or account.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

That venue, while proper in this Court, is improper in the Circuit Court of Montgomery County, Alabama.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against the Bank are barred, in whole or in part, by the doctrine of recoupment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

That some or all of the Plaintiff's claims and causes of action against the Bank are barred, in whole or in part, by the doctrine of set-off.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Should any additional Defendants be added to this action, whether by Plaintiff or otherwise, Plaintiff's claim for punitive damages against the Bank cannot be sustained.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates the Bank's rights to due process as guaranteed by the United States Constitution.

c.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which

violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and this Defendant's due process rights.

e.    Plaintiff's claim for punitive damages against the Bank cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of the Defendant's due process rights.

{B0554486}

7

g.      Plaintiff's claim for punitive damages against the Defendant cannot be sustained because any award of punitive damages under Alabama law would violate the Defendant's due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h.      Plaintiff's  claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive the Defendant of due process of law.

i.      Plaintiff's  claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause the Defendant to be treated differently from other similarly situated persons/entities by subjecting the Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

j.      Plaintiff's claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of

punitive damages, subject the Defendant to punishment for the conduct of others through vicarious liability, *respondeat superior*, or through non-apportionment of damages among joint tortfeasors based on the respective size of their alleged misconduct, in violation of Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

k.      Plaintiff's claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose the Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

l.      Plaintiff is not entitled to recover punitive damages, which are penal in nature, because it would violate the self incrimination clause of the Fifth Amendment to the United States Constitution to compel the Defendant to disclose potentially incriminating documents and evidence.

m.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

n.      The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

o.    The procedures pursuant to which punitive damages are awarded subject the Defendant to punishment under a law not fully established before the alleged offense.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

a.    It is a violation of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil Defendant upon the plaintiff  satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

b.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant in violation of the Defendant's due process rights guaranteed by the Alabama Constitution.

c.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive the Defendant of due process of law in violation of the Alabama Constitution.

d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive the Defendant of due process of law in violation of the Alabama Constitution.

e.     An award of punitive damages in this case would constitute a deprivation of property without due process of law.

f.     The procedures pursuant to which punitive damages are awarded cause the Defendant to be treated differently from other similarly situated persons and/or entities by subjecting the Defendant to liability beyond the actual loss, if any, caused by the Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

g.     The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies the Defendant its rights of equal protection and due process.

h.     The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of the Alabama Constitution and in violation of the Defendant's due process rights.

i.    The procedures pursuant to which punitive damages are awarded subject the Defendant to punishment under a law not fully established before the alleged offense, in violation of the Alabama Constitution.

j.    It is a violation of the Alabama Constitution to impose punitive damages against the Defendant, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

k.    The procedures pursuant to which punitive damages are awarded subject Defendant to punishment for the conduct of others through vicarious liability, *respondeat superior*, or through non-apportionment of damages among joint tortfeasors based on the respective size of their alleged misconduct, in violation of Defendant's due process rights and the Alabama Constitution.

l.    The procedures pursuant to which punitive damages are awarded expose the Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of their right to a judicial resolution of this dispute.

m.    The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

n.    Plaintiff's claim for punitive damages against the Defendant cannot be sustained because an award of punitive damages under Alabama law subject

to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

o.    Plaintiff's claim for punitive damages against the Defendant cannot be sustained because any award of punitive damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

An award of punitive damages will violate the Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and the Defendant's rights under the Constitution of Alabama because

under Alabama law: (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give the Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of the Defendant; (e) the Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of

constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against the Defendant cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the Defendants for different acts of alleged wrongdoing without apportionment among them based on the respective size of their alleged misconduct and will, therefore, violate the Defendant's rights under the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution of the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States of America.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive

damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a Defendant's status rather than in specific misconduct and, thus, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Alabama Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

To permit the imposition of punitive damages against Defendant on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged size of the wrong committed by the tortfeasor, and would violate each and every Defendant's right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States and the Alabama Constitution.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To permit the imposition of punitive damages against Defendants on a joint and several liability basis would violate the Defendant's rights under the Eighth Amendment to the United States Constitution and of the Alabama Constitution in that the award imposes an excessive fine against joint tortfeasors without any

consideration being allowed to be given by the jury to the degree of culpability each Defendant had, if any.

### <u>THIRTY-SEVENTH AFFIRMATIVE DEFENSE</u>

The imposition of an award of punitive damages against Defendants on a joint and several liability basis would violate the Defendant's rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendment to the Constitution of the United States, and the Constitution of Alabama, in that:

a.      It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of other Defendants joined in one action.

b.      Defendant is denied a fair opportunity to have the jury assess damages based on each Defendant's culpability for negligence which cannot be segregated from allegations of negligence against other Defendants.

c.      In failing to provide for joint contribution and an apportionment of damages among Defendants, the Defendant is deprived of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States, and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law.

d.    In failing to provide for joint contribution and an apportionment of damages among Defendants, the Defendant is deprived of property without due process of law contrary to the Constitution of Alabama which provides that no person shall be deprived of property except by due process of law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To permit the imposition of punitive damages against Defendant on a joint and several liability basis would deprive the Defendant of its rights to due process of law and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than the Defendant or the Defendant's agents or employees and/or without apportionment of damages based on the degree of culpability of the Defendant, if any.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against Defendant cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## FORTIETH AFFIRMATIVE DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, Plaintiff's claim for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal Defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate the Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the Alabama Constitution. These rights will be violated unless the Defendant is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's cannot recover punitive damages against the Defendant because such an award, which is penal in nature, would violate the Defendant's constitutional rights protected under the Alabama Constitution as amended in the Constitution of the United States, unless Defendant is afforded the same procedural safeguards as are criminal Defendants, including, but not limited to, the right to

avoid self incrimination, the right to forego production and disclosure of incriminating documents.

## FORTY-SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiff's for punitive damages against the Defendant cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate the Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiff for punitive damages against the Defendant cannot be upheld to the extent they are based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violate the laws of those other states; to do so would violate Defendant's rights under the Alabama Constitution and the United States Constitution.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages in this case is unconstitutional in that it seeks to punish the Defendant for, and deter the Defendant from, lawful

{B0554486}

conduct occurring outside the State of Alabama and hence violates fundamental and long-standing principles of state sovereignty and immunity.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff for punitive damages against the Defendant cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996), to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to insure that this Defendant will more fully comply with this state's laws in the future.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment in that the Plaintiff's claim for punitive damages is not necessary to vindicate the state's interest in punishing this Defendant and deterring this Defendant from future misconduct. *State Farm Mut. Auto. Ins. Co. v. Campbell*, ___ U.S. ____, 123 S. Ct. 1513, 155 L.Ed.2d 585 (2003).

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages in this case is unconstitutional in that it seeks to punish this Defendant for, and deter this Defendant from, lawful conduct occurring outside the state of Alabama and hence violates fundamental and long-standing principles of state sovereignty and immunity. *State Farm Mut. Auto. Ins. Co. v. Campbell,* ___ U.S. ____, 123 S. Ct. 1513, 155 L.Ed.2d 585 (2003).

## FIFTIETH AFFIRMATIVE DEFENSE

The claims of the Plaintiff for punitive damages cannot be upheld to the extent it violates or contravenes the ratio of punitive damages allowed by the holding of the United States Supreme Court in ruling on the case of *State Farm Mut. Auto. Ins. Co. v. Campbell*, ___ U.S. ____, 123 S. Ct. 1513, 155 L.Ed.2d 585 (2003).

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendant did not know, or have reason to know, of any inaccuracies in Plaintiff's credit information.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any affirmative defense that may be discovered during the course of additional investigation and discovery.

## PARTIES

The Bank denies the allegations contained in paragraph 1. The Bank lacks sufficient knowledge or information to form a belief as to fictitious parties X, Y, Z and therefore, must deny the same and demands strict proof thereof.

## COUNT ONE

1.    The Bank adopts and realleges its responses to the foregoing paragraphs, the same as if set forth fully herein.

2.    The Bank admits that Plaintiff purports to bring a count against Capital One/Capital One, FSB pursuant to the Fair Credit Reporting Act. The Bank denies that Plaintiff can state a claim under the FCRA and demands strict proof thereof.

3.    The Bank denies the allegations contained in paragraph 3 of the Amended Complaint, including subparagraphs (a) – (c) and demands strict proof

thereof.  The Bank further denies that Plaintiff is entitled to any relief, judgment and/or damages whatsoever.

## COUNT TWO

## NEGLIGENCE

4.     The Bank admits that Plaintiff purports to state a claim for negligence and wantonness but denies that Plaintiff can state a claim for negligence or wantonness and demands strict proof thereof.

5.     The Bank adopts and realleges its responses to all above paragraphs the same as if set forth fully herein.

6.     The Bank denies the allegations contained in paragraph 6 of the Amended Complaint and demands strict proof thereof.

7.     The Bank denies the allegations contained in paragraph 7 of the Amended Complaint and demands strict proof thereof.

8.     The Bank denies the allegations contained in paragraph 8 of the Amended Complaint and demands strict proof thereof.

9.     No response is necessary to paragraph 9 of the Amended Complaint because it calls for a legal conclusion.

10.     The Bank denies the allegations contained in paragraph 10 of the Amended Complaint and demands strict proof thereof.

11.    The Bank denies the allegations contained in paragraph 11 and subparagraphs (i) through (iii) of the Amended Complaint and demands strict proof thereof.

8[sic]. The Bank denies the allegations contained in paragraph 8[sic] of the Amended Complaint and demands strict proof thereof.

12.    The Bank denies the allegations contained in paragraph 12 of the Amended Complaint and demands strict proof thereof.

13.    The Bank denies the allegations contained in paragraph 13 of the Amended Complaint and demands strict proof thereof.

14.    The Bank denies the allegations contained in paragraph 14 of the Amended Complaint and demands strict proof thereof.  The Bank further denies that Plaintiff is entitled to any judgment damages and/or relief whatsoever.

## COUNT THREE

## STATE LAW AND FCRA VIOLATIONS OF
## BIG CREDIT REPORTING AGENCY

15.    The Bank adopts and realleges its responses to the foregoing paragraphs the same as if set forth fully herein.

15-25.  Paragraphs 15 through 25 in the Amended Complaint do not relate to The Bank and therefore no response is necessary.  To the extent a response is necessary, The Bank lacks sufficient knowledge or information to form a belief as to the allegations, and therefore denies these allegations and demands strict proof

thereof. The Bank further denies that Plaintiffs are entitled to any relief, judgment, and/or damages whatsoever.

## COUNT FOUR

## DEFAMATION

26.    The Bank adopts and realleges its responses to the foregoing paragraphs the same as if set forth fully herein.

27.    The Bank denies allegations contained in paragraph 27 of the Amended Complaint and demands strict proof thereof.

28.    The Bank denies allegations contained in paragraph 28 of the Amended Complaint and demands strict proof thereof.

29.    The Bank denies allegations contained in paragraph 29 of the Amended Complaint and demands strict proof thereof.

30.    The Bank denies allegations contained in paragraph 30 of the Amended Complaint and demands strict proof thereof.

31.    The Bank denies allegations contained in paragraph 31 of the Amended Complaint and demands strict proof thereof.

32.    The Bank denies allegations contained in paragraph 32 of the Amended Complaint and demands strict proof thereof.

33.    The Bank denies allegations contained in paragraph 33 of the Amended Complaint and demands strict proof thereof.

34.    The Bank denies allegations contained in paragraph 34 of the Amended Complaint and demands strict proof thereof.

35.    The Bank denies allegations contained in paragraph 35 of the Amended Complaint and demands strict proof thereof.    In addition, The Bank denies that Plaintiff is entitled to any judgment, damages and/or relief whatsoever.

s/ Rik S. Tozzi

RIK S. TOZZI Bar No. 7144-Z48R
Attorney for all Defendants (Defendant
Erroneously identified in the original
Complaint as Capital One and the
Defendant identified in the Amended
Complaint as Capital One Services, Inc.
and Capital One, FSB)
Starnes & Atchison LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama  35259-8512
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
E-mail:  rst@starneslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Norman Hurst, Jr.
jrhrst@aol.com

s/ Rik S. Tozzi
RIK S. TOZZI Bar No. 7144-Z48R
Starnes & Atchison LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama  35259-8512
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
E-mail:  rst@starneslaw.com

{B0554486}

28