IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| ARZELL WILKERSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:05-cv-01192-SRW |
| | ) |
| CAPITAL ONE, | ) |
| | ) |
|    Defendant. | ) |
| | ) |
| | ) |
| | ) |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on February 7, 2006 by telephone and was attended by:

    Norman Hurst, Jr., Esq.
    For Plaintiff Arzell Wilkerson

    C. Ramsey Duck, Esq.
    Starnes & Atchison, LLP
    For Capital One, FSB

The parties do not request a conference with the Court before entry of the scheduling order.

    1.    **Plaintiff's brief narrative statement of the facts and the cause of action stated in each count.**

The facts are that Ms. Wilkerson was informed that a revolving line of credit was opened in her name with Capital One, F.S.B. At the time of the transactions in question herein Capital One, F.S.B., negligently allowed an impostor to open numerous credit card

B0569597

accounts using the personal identifiers of the Plaintiff. Immediately upon notification of the above fact, Ms. Wilkerson undertook the necessary steps to correct this problem by filing the necessary forms as provided by said creditor and a police report. After receiving notice of the dispute from Plaintiff and CRA, Capital One, F.S.B.: Failed to conduct an adequate investigation with regard to the disputed information; Failed to review all relevant information provided by the consumer and provided by consumer reporting agencies; Failed to promptly investigate and report the results of the investigation of the consumer to consumer reporting agencies continued to report the same misleading and inaccurate information complained of above and otherwise violated the FCRA.

Between at least January 2003 through the present, Defendants published to various persons, credit reporting agencies, collection agencies, creditors and attorneys the fact that Plaintiff was delinquent in paying the disputed accounts. Defendants published this information both orally and in writing. Defendants had no factual basis for making the statements. Defendants knew this because Plaintiff notified them that the accounts were not hers. Despite Plaintiff's notice, Capital One, F.S.B. acted with malice in attempting to coerce Plaintiff into paying for charges that were not hers by reporting the accounts to credit reporting agencies. Moreover, Capital One, F.S.B. acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when they advised credit reporting agencies, credit grantors, and collection agencies than the disputed accounts were those of the Plaintiff.

**Defendant Capital One's brief narrative statement of the facts and defenses.**

On information and belief Capital One FSB ("Capital One") accurately reported credit information regarding the accounts at issue. At no time did Capital One act with malice or willful intent to injure the Plaintiff. Capital One alleges that it did not violate the FCRA with respect to the Plaintiff, and since it at no time acted with malice toward Plaintiff, the claims for defamation and all similar state law actions are barred by, among other things, the qualified immunity that the FCRA affords. 15 U.S.C. Section 1681h(e).

Except as admitted in Capital One's Answer to Plaintiff's Amended Complaint, Capital One denies each and every material allegation of Plaintiff's Complaint and Amended Complaint as those allegations pertain to Capital One. Capital One is continuing its investigation into the facts and circumstances of this case. Furthermore, because Plaintiff intends to name another defendant in this case, Capital One is not currently in possession of all the facts related to this case. As a result, this statement is based on facts currently known to Capital One. Capital One makes this statement without waiving any defense, and without waiving its right to compel arbitration of all of Plaintiff's claims, and reserves the right to supplement this statement as the facts are developed.

2. This jury action should be ready for trial by **January 5, 2007**; and at this time is expected to take approximately two to three days to try.

3. The parties request a pretrial conference in **December, 2007**.

4. The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on the following subjects:

**Plaintiff believes that discovery will be needed on the following subjects:**

Plaintiff's dispute with Capital One, F.S.B., and any other unknown defendants, and on the issue of damages.

**Defendant Capital One believes that discovery will be needed on the following subjects:**

a. Plaintiff's dispute with Capital One and any other defendant.

b. Plaintiff's alleged damages.

c. Any third parties who have allegedly denied Plaintiff credit.

d. Information regarding who used the account at issue.

All discovery commenced in time to be completed by **November 15, 2006**.

5. Initial Disclosures. The parties will exchange by **February 28, 2006** the information required by Fed.R.Civ.P. 26(a)(1).

6. The parties request until **April 7, 2006** to join additional parties and to amend the pleadings.

7. Reports from retained experts under Rule 26(a)(2) due:

From Plaintiff by **August 25, 2006.**

From Defendants by **September 29, 2006**.

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) are due by the date of the pretrial document filing.

9. Discovery Limits.

    a.    Maximum of **30** interrogatories by each party to any other party. Responses due 30 days after service.

    b.    Maximum of **8** depositions by Plaintiff and **8** for each Defendant. Each deposition limited to a maximum of **8** hours for parties and **6** hours for other witnesses unless extended by agreement of parties. Not to include depositions upon written interrogatories.

    c.    Maximum of **30** requests for admission by each party to any other party. Responses due 30 days after service.

    d.    Maximum of **30** requests for production of documents by each party to any other party. Responses due 30 days after service.

10.    All potentially dispositive motions filed by **November 17, 2006**.

11.    Settlement potential is difficult to evaluate at this time due to early state of litigation.

    **DATED**: February 8th, 2006.

    /s/ Norman Hurst_____
    Norman Hurst, Jr.
    Attorney for Plaintiff

462-A Sayre Street
Montgomery, AL 36104
334- 269-6449
334-263-0491 (fax)

          __/s/ Ramsey Duck_____
           Rik S. Tozzi
           C. Ramsey Duck
           Attorneys for Defendant

**Starnes & Atchison, LLP**
100 Brookwood Place, Seventh Floor
PO Box 598512
Birmingham, AL 35259-8512
205-868-6000
205-868-6099 (fax)
rst@starneslaw.com
crd@starneslaw.com

**Certificate of Service**

I certify that a true and correct copy of the foregoing was sent by United States Mail, postage prepaid on February 8, 2006 to the following counsel:

Norman Hurst, Jr.
462-A Sayre Street
Montgomery, AL 36104

                                                /s/ Ramsey Duck
                                                OF COUNSEL