IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARZELL WILKERSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CAPITAL ONE BANK, | ) | CIVIL ACTION NO. |
|     Defendant/Third Party Plaintiff, | ) | 2:05 CV 1192-W |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY WILKERSON, | ) | |
|     Third Party Defendant | ) | |

## MOTION FOR DEFAULT JUDGMENT

COMES NOW, Defendant/Third Party Plaintiff Capital One Bank ("Capital One") and, moves this Court for judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(2), against Third Party Defendant Anthony Wilkerson ("Mr. Wilkerson") and in support of its Motion, Capital One says the following:

1. On October 27, 2004, Plaintiff Arzell Wilkerson initiated this action in the Circuit Court of Montgomery County, Alabama alleging that a revolving line of credit was opened in her name with Capital One without her knowledge or consent.

2. Capital One removed the case to this Court pursuant to 28 U.S.C. §1331 (Federal Question).

3. Plaintiff Arzell Wilkerson filed a Complaint and an Amended Complaint against Capital One alleging that, among other things, Capital One violated the Fair Credit Reporting Act in reporting that she owed a debt that she alleges she did not incur.

In her Amended Complaint, Plaintiff Arzell Wilkerson alleged that "At the time of the transactions in question herein Capital One, F.S.B. allowed an imposter to open numerous credit card accounts using the personal identifiers of the plaintiff." As such, Plaintiff Arzell Wilkerson's claims were predicated on the alleged issuance of a credit card in her name without her purported knowledge or consent.

4. On January 12, 2007, Capital One moved this Court for leave to file a Third Party Complaint against Arzell Wilkerson's son, Anthony Wilkerson, whose name had been provided to Capital One as the individual she believed opened the credit card account at issue.

5. On February 2, 2007, Capital One filed a Third-Party Complaint against Mr. Wilkerson.

6. Mr. Wilkerson was personally served with the Third-Party Summons and Complaint on February 17, 2007.

7. On March 7, 2007, Mr. Wilkerson contacted counsel for Capital One, and counsel for Capital One informed Mr. Wilkerson that his response was due on March 9, 2007.

8. When Mr. Wilkerson failed to respond to the Third-Party Complaint, counsel for Capital One sent him a letter allowing additional time for him to respond to the Complaint. (A true and correct copy of the letter is attached hereto as Exhibit 1).

9. As the new deadline was approaching, counsel for Capital One sent Mr. Wilkerson a letter to remind him of the upcoming deadline. (A true and correct copy of the letter is attached hereto as Exhibit 2).

10. Mr. Wilkerson did not respond to either of Capital One's letters, nor has he filed a response in this matter.

11. Mr. Wilkerson has failed to appear or plead his defense in this matter and his default was entered on the record on April 5, 2007.

12. Upon information and belief, Mr. Wilkerson is not an infant.

13. Upon information and belief, Mr. Wilkerson is not an incompetent.

14. Arzell Wilkerson's affidavit demonstrates that Mr. Wilkerson opened the credit card account at issue in this case in his mother, Arzell Wilkerson's, name, and having done so, Mr. Wilkerson is bound by Capital One's Customer Agreement.

15. The Customer Agreement, by its terms, is binding on "anyone else who uses the account in any way." Further, the agreement provides that in the event of default, the user agrees "to pay all court costs and collection expenses incurred by [Capital One] in the collection of any amount you owe us under this Agreement. If you default and we refer your account for collection to an attorney who is not our salaried employee, to the extent permitted by law, you agree to pay reasonable attorneys' fees."

16. All attorneys' fees and costs incurred by Capital One in this action are directly attributable to Mr. Wilkerson's fraudulent activity and Capital One's attempts to collect his debt. *Smith v. GTE Corp.,* 236 F.3d 1292, 1305 (11th Cir. 2001) (noting that the "American Rule" dictates that each party pay its own legal fees, and the exception to the rule, that a party may be awarded its attorneys' fees pursuant to a contract).

17. As a result of Mr. Wilkerson's fraudulent activity in opening the account in his mother's name and using the account to make puchases, Capital One has incurred

significant attorneys' fees and costs in addition to paying a monetary settlement to Arzell Wilkerson to resolve her claims against Capital One arising out of the same fraudulent account. Pursuant to the Customer Agreement, Mr. Wilkerson is therefore liable to Capital One for the full balance on the account, and all reasonably incurred collection costs and attorneys' fees, including the monetary settlement to Arzell Wilkerson.

17. As a result Capital One is seeking a default judgment from this Court in the amount of $52,980.86. This amount includes:

    a. the balance owed on the account;

    b. settlement costs incurred by Capital One to settle the initial claim of Mr. Wilkerson's mother, Arzell Wilkerson;

    c. attorneys' fees incurred for the defense of the original suit and the prosecution of the Third Party Complaint; and,

    d. costs incurred for the defense of the original suit and the prosecution of the Third Party Complaint.

18. The following documents are being filed under seal contemporaneously herewith pursuant to the Court's Order dated May 24, 2007 as evidence:

    a. Capital One Customer Agreement (Exhibit A);

    b. Final Billing Statement for the subject account (Exhibit B);

    c. Affidavit of Arzell Wilkerson (Exhibit C);

    d. Release and Settlement Agreement between Plaintiff Arzell Wilkerson and Defendant Capital One (Exhibit D); and

    e. Affidavit of Rik S. Tozzi, Esq. testifying to the attorneys' fees and costs incurred by Capital One in this matter and that all fees and costs were reasonable and necessary in the defense and prosecution of these actions (Exhibit E).

  WHEREFORE, premises considered, Capital One requests that this Court enter an award in its favor and against Third Party Defendant Anthony Wilkerson in the amount of Fifty-Two Thousand, Nine Hundred Eighty Dollars, and Eighty-Six Cents. ($52,980.86).

      Respectfully submitted, this the 20th day of June, 2007.

      s/ Ramsey Duck
      RIK S. TOZZI
      C. RAMSEY DUCK
      *Counsel for Defendant, Capital One Bank*
      STARNES & ATCHISON , LLP
      P. O. Box 598512
      100 Brookwood Place, 7th Floor
      Birmingham, AL  35209
      205-868-6000 Telephone
      205-868-6099 Facsimile
      rst@starneslaw.com
      crd@starneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 20th, 2007, I served a copy of the foregoing by U.S. Mail to the following individuals:

Anthony Wilkerson
4375 Wares Ferry Road
Montgomery, Alabama 36109

                                              s/ Ramsey Duck
                                              RIK S. TOZZI
                                              C. RAMSEY DUCK
                                              *Counsel for Defendant, Capital One Bank*
                                              STARNES & ATCHISON, LLP
                                              P. O. Box 598512

                                              100 Brookwood Place, 7th Floor
                                              Birmingham, AL  35209
                                              205-868-6000 Telephone
                                              205-868-6099 Facsimile
                                              rst@starneslaw.com
                                              crd@starneslaw.com